NOT RECOMMENDED FOR PUBLICATION
FILE NAME: 07A0563N.06
FILED: AUGUST 8, 2007

No. 06-2387

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AUTOMATIC LOGISTIC PRODUCTIVITY IMPROVEMENT SYSTEMS, L.L.C., | ) ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| UHY ADVISORS, INC., | ) ) | |
| Defendant-Appellee. | ) | OPINION |

_____

**Before: DAUGHTREY and GILMAN, Circuit Judges; and ADAMS, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Automatic Logistic Productivity Improvement Systems, L.L.C. (ALPIS), initiated a lawsuit in federal bankruptcy court in May of 2005 against UHY Advisors, Inc., alleging accounting malpractice. According to ALPIS, "[t]he main crux of [its] claim against [UHY] was that [UHY] failed to produce certain capitalization and accounting documentation that was not supplied to [ALPIS's] lending institution which destroyed [ALPIS's] credit, causing it to file Chapter 11 bankruptcy protection." The case was transferred to the district court, where UHY successfully moved for summary judgment. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

_____

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

## I. BACKGROUND

As an initial matter, the district court granted UHY's motion to exclude ALPIS's expert witness and his reports for failure to comply with the disclosure requirements of Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, concluding that ALPIS had failed to demonstrate "substantial justification" for its noncompliance. The court then determined that summary judgment was appropriate in the absence of the expert's report because ALPIS had "acknowledged that all of [its] evidence regarding breach, causation, and damages, depends on the expert witness testimony of [Harry] Cendrowski." ALPIS subsequently filed a motion for reconsideration, which the district court denied. These rulings are the subject of ALPIS's timely appeal.

## II. ANALYSIS

### A. Standard of review

We review de novo a district court's grant of summary judgment. *Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006). Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Regarding the district court's antecedent exclusion of ALPIS's expert witness, we apply the more deferential abuse-of-discretion standard. *See Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) ("We review the exclusion of expert testimony pursuant to Rule 37(c)(1) under an abuse-of-discretion standard.").

**B.      Discussion**

ALPIS interprets this case as presenting only two questions:  (1) whether the district court abused its discretion in concluding that ALPIS had not demonstrated "substantial justification" to excuse its tardiness in producing its expert witness's report, and (2) whether the district court erred in concluding that ALPIS could not proceed with its lawsuit in the absence of the expert report.  But we need not answer either of these questions to dispose of ALPIS's appeal.  We instead address an even more basic question that, although discussed by the district court, ALPIS fails to raise on appeal.  Specifically, we ask whether summary judgment against ALPIS would have been appropriate even if the report had been considered.  If so, then the issue of whether the district court improperly excluded the report as an initial matter would be moot.

ALPIS made two crucial concessions in the district court.  It first conceded that "all of [its] evidence regarding breach, causation, and damages[] depends on the expert witness testimony of Cendrowski." Second, and equally important, it qualified this first concession by admitting that "the expert report does not discuss damages."  The district court accordingly determined that "Plaintiff's accounting malpractice claim would be dismissed even if the Court allowed Plaintiff to use the

expert report." In its denial of ALPIS's motion for reconsideration, moreover, the district court reminded ALPIS of the following exchange that had taken place during the hearing on UHY's summary judgment motions:

COURT: Is Mr. Young [counsel for UHY] correct that there is no evidence in the record of damages?

ALPIS's
COUNSEL: That's correct, Judge.

The district court, on the basis of ALPIS's concession of having no proof of damages, granted summary judgment in favor of UHY. Although ALPIS attempted to submit a supplemental report on damages from its expert after the court had already refused to accept the expert's initial report, the court explicitly declined to consider the "Damage Report" because "Plaintiff never sought, and the Court did not grant, leave to file supplemental documents in opposition to Defendant's motions for summary judgment." The damage report is therefore not a part of the record on appeal. *See* Fed. R. App. P. 10(a) (limiting the record on appeal to "the original papers and exhibits *filed* in the district court") (emphasis added).

Because ALPIS does not meaningfully challenge this alternative ruling on appeal, and because it is a perfectly legitimate basis for granting summary judgment to UHY, we need not proceed any further in our analysis. ALPIS's last-ditch attempt to save its case at oral argument—namely, insisting that expert testimony was not essential to proving malpractice—is a nonstarter because even a layperson would have needed evidence of damages to find in ALPIS's favor.

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.